**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JERMC, LTD., JERMC MGMT. CORP., NASHAAT ANTONIOUS, and SOHEIR ANTONIOUS,**

**Plaintiffs,**

**v.** **Case No. 8:19-cv-688-T-60AAS**

**TOWN OF REDINGTON SHORES, JAMES DENHARDT, MARY PALMER, STEVEN ANDREWS, JOSEPH WALKER, LELAND HOLMES, BERTRAM ADAMS, MARYBETH HENDERSON, THOMAS KAPPER, JEFFERY NEAL, PATRICK DRUMM, and MICHAEL ROBINSON,**

**Defendants.**
______________________________________/

**ORDER**

James Denhardt, Mary Palmer, Steven Andrews, Bertram Adams, Leland Holmes, Marybeth Henderson, and Thomas Kapper (the defendants) move for a protective order preventing their upcoming depositions until the court resolves the question of whether the defendants have qualified immunity. (Doc. 90). Under an emergency motion,[1] the defendants also seek a limited stay of discovery over their

[1] The plaintiffs noted in their responses that the depositions have been scheduled since April 1, 2020, and the plaintiffs filed their second amended complaint on May 12, 2020. (Doc. 99, ¶¶ 8, 15; Doc. 101, ¶¶ 13, 20). The defendants had more than enough time to call—not just emailing back and forth—with the plaintiffs' counsel to address this issue, rather than file a motion less than a week before the first deposition and then to file an emergency motion the day before the first deposition. Even though the parties are to let the court know when they file emergency motions, additional calls to chambers asking the status and telling the court that an answer is needed "sooner rather than later" is unnecessary and inappropriate.

upcoming depositions, slated to start June 3, 2020. (Doc. 100). JERMC, LTD., JERMC Management Corp., Nashaat Antonious, and Soheir Antonious (the plaintiffs) oppose both motions. (Docs. 99, 101).

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at * 2 (M.D. Fla. Aug. 14, 2014). Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted).

The defendants move for a limited stay of discovery of their upcoming depositions until their motions to dismiss based on qualified immunity have been decided.[2] (Doc. 100). Qualified immunity is meant to protect officials from "the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with

---

[2] The defendants also move for a protective order to prevent the depositions from happening until the court rules on the motions to dismiss based on qualified immunity. (Doc. 90).

discovery." *Feldman,* 176 F.R.D. at 652. "A court may resolve the issue of qualified immunity before allowing discovery." *S.D. v. St. Johns Cty. Sch. Dist.*, No. 09-cv-25-J-20TEM,2009 WL 4349878, at *3 (M.D. Fla. Nov. 24, 2009); *see also Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (finding no abuse of discretion by the district court that stayed discovery pending the resolution of motion to dismiss on qualified immunity grounds).

Upon review of the defendants' motion for protective order and motion for a limited stay of discovery, the plaintiffs' responses, and the case's procedural history and posture, good cause exists to grant the limited stay and protective order.

Thus the following is **ORDERED:**

1. The defendants' motion for protective order (Doc. 90) and motion for limited stay of discovery (Doc. 99) are **GRANTED.**
2. The depositions of James Denhardt, Mary Palmer, Steven Andrews, Bertram Adams, Leland Holmes, Marybeth Henderson, and Thomas Kapper are **STAYED** until the court resolves the pending motions to dismiss based on qualified immunity.

**ENTERED** in Tampa, Florida on June 2, 2020.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge